```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON

UNITED STATES OF AMERICA,       )
                                )
     Plaintiff,                 )
                                )    Criminal Case No.
v.                              )    5:13-cr-50-JMH
                                )
LARRY WILSON,                   )    MEMORANDUM OPINION & ORDER
                                )
     Defendant.                 )
                                )
                                )
```

                                 ***

This matter is before the Court on the United States' motion to disqualify Jimmy Dale Williams as the defendant's counsel [D.E. 12]. The defendant has responded to the motion [D.E. 16] and the United States has replied [D.E. 19]. Thus, this motion is now ripe for review. For the reasons which follow, the United States' motion to disqualify counsel [D.E. 12] will be granted.

                              BACKGROUND

Defendant Wilson is a former employee of Keeneland whose primary duty was to maintain the ATM machines on Keeneland's grounds. On March 12, 2009, Keeneland filed a theft report with the Lexington Division of Police after discovering that large sums of cash were missing. On April 10, 2013, the grand jury charged Defendant Wilson with (1) wire fraud in violation of 18 U.S.C. § 1343; (2) filing

false income tax returns in violation of 26 U.S.C. § 7206(1); (3) money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(1); and (4) money laundering in violation of 18 U.S.C. § 1957.  [D.E. 1].

Defendant Wilson retained Jimmy Dale Williams ("Attorney Williams") as his attorney on March 16, 2009. On March 23, 2009, Defendant Wilson sold a recently-purchased Mustang back to the Richmond Car and Truck Center (RCTC).  On March 26, 2009, Attorney Williams deposited Defendant William's RCTC check in the amount of $27,969.24 into his Phoenix Trust Account, his IOLTA account.  Between May 13, 2009, and October 6, 2009, Attorney Williams wrote six checks from his IOLTA account to Defendant Wilson, totaling $22,176.84.  These facts form the basis for Counts 10 and 11 of the Indictment, which allege money laundering in violation of 18 U.S.C. 1956(a)(1)(B)(1).  [D.E. 1].  On April 10, 2013, Attorney Williams appeared before the grand jury in connection with Defendant Wilson's case in response to a subpoena *duces tecum*.[1]

## ANALYSIS

---

[1] It should be noted that the Court's factual summary is for the purposes of the present pending motion only, and no portion of this Opinion should be used or relied upon by any party for purposes other than the present motion to disqualify Attorney Williams as counsel.  *See Carlson v. Thomas*, 159 F.R.D. 661, 666 (E.D. Ky. 1994).

In its motion to disqualify Attorney Williams as Defendant Wilson's counsel, the United States argues that Attorney Williams has a non-consentable conflict of interest with his client because 1) he will be a necessary witness for the United States as trial; 2) Attorney Williams cannot advise Defendant Wilson of the advice-of-counsel defense without creating personal and professional implications for himself; and 3) Attorney Williams's issuance of checks to Defendant Wilson from his IOLTA account raises questions about his own professional conduct, thus creating a conflict between his interests and those of his client. Because the Court agrees that Attorney Williams will be a necessary fact witness at trial, the United States' motion to disqualify him as counsel will be granted.

"When a trial court becomes aware of a potential conflict of interest, it is obligated to pursue the matter. . .." *United States v. Straughter*, 950 F.2d 1223, 1233 (6th Cir. 1991) (quoting *United States v. Krebs*, 788 F.2d 1166, 1172 (6th Cir. 1986)). Under Rule 3.7 of the Kentucky Rules of Professional Conduct, a lawyer may not act as an "advocate at a trial in which the lawyer is likely to be a necessary witness unless . . . the testimony relates to an uncontested issue . . . or . . .

3

disqualification of the lawyer would work substantial hardship on the client." Ky. SCR 3.130(3.7).

The Court agrees with the United States that it is highly likely that Attorney Williams will be a necessary fact witness at trial. Specifically, Attorney Williams's testimony will be necessary to establish that he initially received the RCTC check from Defendant Wilson and that he deposited the check into his IOLTA. Further, Attorney Williams is the only person who can testify about why he wrote the checks issued to Defendant Wilson from his IOLTA account, and is the only person who can explain the notations on the memo lines of the checks.

In response to the United States' motion to disqualify, Attorney Williams argues that he will not contest the authenticity of the checks at trial, and, therefore, argues that this allows him to remain in this action as counsel. [D.E. 16 at 3]. However, even if Attorney Williams declines to contest the authenticity of the checks at trial, the issue of *why* Attorney Williams issued checks to Defendant Wilson from his IOLTA account still remains, and the answer to this question is only within the personal knowledge of Attorney Williams and the defendant himself. Therefore, if Attorney Williams is allowed to remain in this case as Defendant Wilson's

4

counsel, he will likely find himself "testifying to facts and events at trial that would be adverse to his own client's interests," which is "clearly a conflict." *United States v. Gallion*, No. 2:07-39-DCR, 2009 WL 78370, at *2, (E.D. Ky. Jan. 12, 2009).

Although the Court notes the United States' other arguments that Attorney Williams's continued representation of Defendant Wilson will also create a conflict between his own personal interests and Defendant Wilson's interests, it is unnecessary for the purposes of this motion to discuss the merits of these arguments. The conflict created by the near inevitability of the United States calling Attorney Williams as a necessary fact witness at trial is sufficient to disqualify Attorney Williams as counsel in this case.

Finally, the Court has read the affidavit from Defendant Wilson claiming that he wishes to retain Attorney Williams as his counsel regardless of any conflict, and claiming that he will face substantial hardship if Attorney Williams is disqualified at this stage in his defense. It is true that Attorney Williams has represented Defendant Wilson since March 2009 in this matter. However, Defendant Wilson was just indicted by the grand jury on April 10, 2013. Moreover, the Court has already declared the matter as complex, thus relaxing the time restraints. Therefore,

5

retaining new counsel now would not work substantial hardship on the defendant, particularly given the gravity of the conflict of interest at play. Moreover, although the Court respects the defendant's right to select and be represented by his preferred counsel, "the essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *United States v. Wilson*, No. 10-20581, 2011 WL 740200, at \*12 (E.D. Mich. Feb. 24, 2011) (quoting *Wheat v. United States*, 486 U.S. 153, 159 (1988)). Therefore, in order to "ensure the integrity of the trial and guarantee an effective advocate," Attorney Williams must be disqualified. *Id.*

## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion to Disqualify Counsel [D.E. 12] is **GRANTED**, and Jimmy Dale Williams is hereby disqualified as counsel for the defendant in this action.

This the 21st day of May, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge